# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DERRICK EVERETT,

    Petitioner,

v.                                        CASE NO: 8:07-cv-863-T-30TBM

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1, 2). The Court has considered the petition, Respondents' response (Dkt. #8) and Petitioner's reply (Dkt. #11). Upon review, the Court determines that the petition must be denied because the state post-conviction court properly applied the federal standard and because the Petitioner is procedurally barred.

## BACKGROUND

On February 18, 1998, Derrick Everett ("Petitioner" or "Everett") was convicted of attempted first degree murder. The victim in this case was shot several times in the back and left partially paralyzed. The victim had to rehabilitate her injuries in the hospital for approximately three months. The trial court sentenced Petitioner to life in prison after the

jury found Petitioner guilty.

Petitioner appealed his conviction and the Florida Second District Court of Appeal affirmed Petitioner's conviction but reversed his sentence on September 29, 2000. Everett v. State, 770 So. 2d 192 (Fla. 2d DCA 2000). On remand, the trial court re-sentenced Petitioner to life in prison. Petitioner appealed the re-sentence and it was affirmed. The mandate issued May 13, 2002. Everett v. State, 818 So. 2d 509 (Fla. 2d DCA 2002).

Then, on November 7, 2002, Petitioner filed a motion for post-conviction relief under Florida Rules of Criminal Procedure 3.850 ("Rule 3.850"). Petitioner presented ten grounds for relief and later amended to include three additional grounds. The post-conviction court denied claims 2-5, 8, 9, part of 10, and 11-13, but ordered an evidentiary hearing on claims 1, 6, 7, and part of 10.

After eleven continuances, the post-conviction court held the evidentiary hearing on December 6, 2004. Petitioner moved for the multiple continuances in order to locate newly discovered witnesses and allow them to testify. Petitioner was still unable to locate the witnesses for the hearing on December 6, 2004. On April 11, 2005, the post-conviction court denied Petitioner's Rule 3.850 claims as well as his motion for a rehearing.

Petitioner appealed the ruling of the post-conviction court. The Florida Second District Court of Appeal affirmed the ruling of the post-conviction court without opinion on March 9, 2007. Everett v. State, 949 So. 2d 206 (Fla. 2d DCA 2007).

On May 18, 2007, Petitioner brought this federal habeas corpus claim for post-conviction relief under 28 U.S.C. §2254. Petitioner puts forth one ground with two parts:

Ground One:       Petitioner is actually innocent of the charged crime as proven by

        (A)  two newly discovered witnesses not previously available at trial, and

        (B)  the state using an impermissibly suggestive identification process in violation of Petitioner's Constitutional rights.

## DISCUSSION

### Ground One (A): Newly Discovered Witnesses

In support of Ground One (A), Petitioner argues that the affidavits from Danny Rynes and David Brown show his innocence. According to Petitioner, Rynes would testify that the victim told Rynes that the her boyfriend shot her. Petitioner also claims that Brown would testify that Brown saw the victim get in a car with another man prior to the shooting. The state argues that while the affidavits make such claims, Petitioner did not call the witnesses to testify at trial or at the evidentiary hearing. The state argues that post-conviction court did not err when refusing to schedule another hearing because the court allowed Petitioner a fourteen month period in which to secure the testimony of the witnesses by continuing the evidentiary hearing eleven times.

To sustain a claim under 28 U.S.C. §2254(e)(2) and be granted an evidentiary hearing, a petitioner must show that:

"(A) the claim relies on--

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

At the Rule 3.850 evidentiary hearing, the post-conviction court ruled on the newly discovered witnesses holding that, "[Petitioner] has failed to show the newly discovered evidence was unknown to the trial court, [Petitioner], and defense counsel at the time of trial, that the evidence could not have been discovered by due diligence, and the evidence was of such a nature that it would probably produce an acquittal at retrial." Dkt. # 8 exh. E at 229. The post-conviction court properly applied the 28 U.S.C. §2254(e)(2) federal standard when dealing with newly discovered evidence because the court held that Petitioner had not proven that the witnesses could not have been previously discovered and Petitioner had not proven that the new evidence would result in an acquittal.

The state post-conviction court did not unreasonably apply the federal standard for evaluating newly discovered evidence as set out in 28 U.S.C. §2254(e)(2)(A)(ii) and (B). Therefore, Ground One (A) newly discovered witnesses will be denied.

### Ground One (B): Improperly Suggestive Identification Process

In support of Ground One (B), Petitioner argues that the state used an impermissibly suggestive identification process when dealing with the victim. Specifically, Petitioner claims that the photopack was improperly suggestive because it was shown to the victim after

the victim saw a photo of Petitioner on television. According to Petitioner, when the police asked the victim to identify the person after handing her the photopack, the police were really asking the victim to identify the man she saw on television, not the shooter. The state argues that this claim is procedurally barred because Petitioner failed to raise it as a ground for post-conviction relief at the state level.

A petitioner "who fails to raise his federal constitution claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994). If a petitioner fails to bring a claim on direct review, "the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998) (quoting Murray v. Carrier, 477 U.S. 478, 485, 496 (1986)). To establish actual innocence, a petitioner must show "that it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327 (1995).

Petitioner stated thirteen grounds for relief in his Rule 3.850 motion for state post-conviction relief. All of Petitioner's claims dealt with ineffective assistance of counsel. See Dkt. #8 exh. E at 139-140. Petitioner set forth his claim for the newly discovered witnesses in an amendment to his motion. Petitioner did not put forth the argument that the photopack was improperly suggestive in any of his previous grounds for relief. Thus, Petitioner is

procedurally barred from bringing this claim here because he would be barred under the Florida law against successive post-conviction petitions from bringing the claim. See FLA. R. CRIM. P. 3.850(f); Johnson v. Singletary, 695 So. 2d 263, 266 (Fla. 1996).

In order to overcome the procedural bar, Petitioner must show cause and actual prejudice or actual innocence. Petitioner does not argue cause for not bringing this claim earlier. Petitioner only argues actual innocence. To show actual innocence, Petitioner submits the testimony of the two newly discovered witnesses in addition to this improperly suggestive identification claim. But Petitioner failed to produce the witnesses to testify under oath. The affidavits of these witnesses are insufficient to show actual innocence. Furthermore, even if the identification process were improperly suggestive, it would not prove Petitioner's actual innocence. Therefore, Petitioner does not overcome the procedural bar with his argument of actual innocence.

Even if Petitioner were not procedurally barred from bringing the improperly suggestive identification claim, it would fail on the merits. To decide whether an identification process is improperly suggestive and violates due process, the Eleventh Circuit has adopted the following two-step analysis:

> [The court] must first decide whether the original identification procedure was unduly suggestive. If not, that ends the inquiry. If so, however, [the court] must then determine whether the suggestive procedure, given the totality of the circumstances, created a substantial risk of irreparable misidentification at trial.

Williams v. Weldon, 826 F.2d 1018, 1021 (11th Cir. 1987). When evaluating when a photopack is improperly suggestive, the principle question is "whether the picture of the accused, matching descriptions given by the witness, so stood out from all of the other photographs." Jarrett v. Headley, 802 F.2d 34, 41 (2d Cir. 1986).

Petitioner does not show how the photopack was improperly suggestive. Petitioner's main argument is that the photopack presented by the State was improperly suggestive because the victim saw Petitioner on television prior to picking his photo out of the photopack. Just because the victim saw a photo of Petitioner prior to viewing the photopack does not mean that the photopack was improperly suggestive. See United States v. London, 39 Fed.App'x. 758 (3d Cir. 2002) (holding that photopack was not improperly suggestive when a witness saw a photo of the accused in the newspaper prior to viewing the photopack). Petitioner does not show that his photo suggestively stood out from all other photos by arguing that the victim saw his photo on television previously.

For the above reasons, Ground One (B) improperly suggestive identification will be denied.

**CONCLUSION**

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on March 5, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2007\07-cv-863.deny 2254.wpd